**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **CEDRIC KIMBROUGH,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL No: 1:14-CV-0142-WLS-TQL** |
| **WARDEN CEDRIC TAYLOR, et. al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff Cedric Kimbrough, an inmate confined at Dodge State Prison in Chester, Georgia, has filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983.   Plaintiff also seeks leave to proceed in this action without prepayment of the $350.00 filing fee.   Shortly after filing, Plaintiff was ordered to provide a certified copy of his trust account statement and amend his complaint.   The Court has now reviewed Plaintiff's submissions, and Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**.   Plaintiff's Amended Complaint, however, is **DISMISSED** for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

### I.      Motion to Proceed *in forma pauperis*

Upon review of Plaintiff's pauper's affidavit and certified trust account statement, the undersigned finds that Plaintiff is currently unable to pre-pay any portion of the $350.00 fee.   His Motion to Proceed *in forma pauperis* (Doc. 2 & 6) is thus **GRANTED**, and he may proceed in this action without prepaying any portion of the filing fee.   See 28 U.S.C. § 1915(b).   This does not mean that the fee is waived.   Plaintiff is still required to pay the full amount of the $350.00 filing fee using the installment payment plan described in 28 U.S.C. § 1915(b).

Therefore, in accordance with the Prison Litigation Reform Act, it is now **ORDERED** that Plaintiff's custodian remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.   In the event Plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order, and all financial information concerning payment of the filing fee and costs in this case, to Plaintiff's new custodian, who shall then continue to collect funds from his account until the full filing fee has been paid.   If Plaintiff is released from custody, he remains obligated to pay any remaining balance due and shall continue to remit monthly payments as required by the Prison Litigation Reform Act.   If Plaintiff fails to remit payments, the balance may be collected by any means permitted by law.

The Clerk is thus **DIRECTED** to mail a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

## II.   <u>Preliminary Review</u>

### A.  **Standard of Review**

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true.   <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court.   <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).   A prisoner's pleading is, however, still subject to dismissal prior to service if the court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious,

seeks relief from an immune defendant, or fails to state a claim.   See 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555.   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   To survive preliminary review, a complaint must create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

### B.  Plaintiff's Claims

This action arises out of Plaintiff's confinement at Autry State Prison (ASP) in 2012.   In his Complaint, Plaintiff alleges that Dr. Aiken and HSA Hutto refused to provide him with medical treatment.   Plaintiff claims to suffer from various conditions, including "Ischemia," Sciatica, a torn meniscus, constipation, and skin irritation.   Dr. Aiken allegedly evaluated Plaintiff multiple times at ASP (both during chronic care visits and at other times); and each time told Plaintiff that there was "nothing wrong with him" and denied Plaintiff's requests for "further consultation." Dr. Aiken also apparently denied Plaintiff "chronic status" for the purpose of medication refills, though Plaintiff does not specify what medication he was denied or which ailment the medication would have treated.   Plaintiff seems to have similar complaints about the medical treatment provided by HSA Hutto.   He claims that she failed to investigate his requests for treatment and refused to send him to the hospital during an "emergency situation" on April 20, 2012.

The Complaint states that Plaintiff was transferred from Autry State Prison in September of

2012, and was evaluated by another physician, Dr. McGee, on September 17, 2012.   At that time, Plaintiff "explained to Dr. McGee what constituted a deliberate indifference to his serious medical needs by personnel 'refusing' to schedule any further consultation concerning complaints . . . ." Compl. at 5.   Dr. McGee then apparently agreed to schedule Plaintiff for an echocardiogram and indicated that his other issues "would also be dealt with."

Two years later, sometime between September 15, 2014 and September 19, 2014, Plaintiff filed this lawsuit against Warden Taylor, Deputy Warden Williams, Deputy Warden Singleton, Chief Counselor Ross, HAS Hutto, Dr. Aiken, P.A. Swagger, and N.P. Brown for violations of his Eighth Amendment rights.   Plaintiff was later ordered to "recast his 'Statement of Claims' by listing each defendant on a sheet of paper and then, beside each name, telling the Court exactly (1) what each did, or did not do, to violate his constitutional rights, and (2) what injury he suffered as a result of each defendant's actions."   Plaintiff complied with the order, but listed only claims against Dr. Aiken and HSA Hutto in his Amended Complaint.   He has made no allegations against the other named defendants and thus appears to have abandoned those claims.   Any claims against Warden Cedric Taylor, Deputy Warden Angela Williams, Deputy Warden J. Singleton, Chief Counselor Ross, P.A. Swagger, and N.P. Brown are accordingly **DISMISSED**.

1. Claims against Dr. Aiken

Plaintiff has failed to allege sufficient facts to state an Eighth Amendment claim against Dr. Aiken.   To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege facts to show that his medical need was objectively serious and that the defendant acted with deliberate indifference to this need.   Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).   Deliberate indifference exists when the defendant has (1) subjective knowledge of a risk of serious harm; [and] (2) disregards ... that risk; (3) by conduct that is more

than mere negligence." Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003) (quoting McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (internal quotations omitted). A prisoner thus cannot bring a constitutional claim simply because he desired different (or additional) treatment. See Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). See also, Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Here, even if the Court were to assume that Plaintiff's medical conditions were sufficiently serious to invoke Eighth Amendment protections, Plaintiff's allegations do not show that Dr. Aikens failed to provide him with needed care. The Complaint alleges that Plaintiff was "evaluated" by Dr. Aiken on numerous occasions and that he did not schedule any "further consultation." However, despite being given the opportunity to amend his Complaint, Plaintiff has not specified what treatment was sought or what medications he was denied. Plaintiff in fact shows nothing more than that another physician later agreed to conduct tests that Dr. Aiken did not. This fact does not show that further testing was warranted when Plaintiff was evaluated by Dr. Aiken or suggest that Aiken's refusal to order such tests qualifies as deliberate indifference.

Thus, even when liberally construed, Plaintiff has alleged nothing more than his own disagreement with the scope of treatment provided by Dr. Aiken. While Plaintiff may have disagreed with Dr. Aiken's opinion, his decision not to refer Plaintiff for additional testing or "consultation" does not – standing alone – evidence an unconstitutional denial of care. For this reason, Plaintiff's claims against Dr. Aiken are **DISMISSED**.[1]

---

[1] Even Plaintiff could allege sufficient facts to support an Eighth Amendment claim, the Court also notes that most if not all of the events giving rise to Plaintiff's claims occurred prior to September 17, 2012. Thus, at the very latest, the applicable two-year statute of limitations for Plaintiff's claims expired on September 17, 2014, only two days after Plaintiff signed the present Complaint, September 15, 2014. See Owens v. Okure, 488 U.S. 235, 236, 109 S. Ct. 573,

2. <u>Claims against HSA Hutto</u>

Plaintiff's allegations against Defendant Hutton suffer from even greater deficiencies. The Complaint does not specify either the nature of the complaints made to Hutto or the "emergency situation" for which he was allegedly denied hospitalization.   Plaintiff has thus failed to describe any conduct by Hutto which rises to the level of a constitutional violation.   Plaintiff's claim arising out of the "emergency situation" is also clearly time-barred.   The Complaint alleges that Hutto's refusal to send Plaintiff to the hospital occurred on April 20, 2012.   The two-year statute of limitations for bringing this claim thus expired on April 20, 2014.   <u>See</u> <u>Owens v. Okure</u>, 488 U.S. 235, 236, 109 S. Ct. 573, 574, 102 L.Ed.2d 594 (1989), O.C.G.A. § 9-3-33.   Plaintiff's Complaint was mailed to this Court on or about September 15, 2014, well more than two years after the expiration of the statute of limitations.

This finding, however, should come as no surprise to Plaintiff.   Plaintiff has already been told that this claim is time-barred.   A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff filed a civil rights action in this Court on or about May 6, 2014, which included the very same time-barred claim against HSA Hutto.   That complaint was dismissed *sua sponte*, for failure to state a claim on July 8, 2014. <u>See</u> <u>Kimbrough v. Taylor</u>, 1:14-cv-00079-WLS (M.D. Ga. 2014).   Plaintiff is thus precluded from bringing this claim.

Therefore, Plaintiff's claims against Defendant Hutto shall also be **DISMISSED**.

**III.**    **Conclusion**

For the reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**; but his Amended Complaint shall be **DISMISSED**, pursuant to 28 U.S.C. §

---

574, 102 L.Ed.2d 594 (1989), O.C.G.A. § 9-3-33.  Therefore, Plaintiff can only bring claims based on events occurring or continuing between September 15 and September 17, 2012.  Any claims arising from events occurring and concluding prior to September 15, 2012, are time-barred.

1915A(b)(1), for failure to state a claim.   Because the statute of limitations will prevent Plaintiff

from re-filing this action, this dismissal is effectively with prejudice.

      **SO ORDERED**, this <u> 4th </u> day of November, 2014.


                    <u>*/s/* W. Louis Sands                        </u>
                    W. LOUIS SANDS, Judge
                    UNITED STATES DISTRICT COURT